UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Daniel Martin Pompos,　　　　　　　　　　　　　Case No. 3:12-cv-2276

　　　　　Plaintiff

　　v.　　　　　　　　　　　　　　　　　　　　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　　　　　　　　　AND ORDER
Commissioner of Social Security,

　　　　　Defendant


This matter is before me on the objections of Plaintiff Daniel Martin Pompos to the Report and Recommendation of Magistrate Judge Knepp regarding Pompos' complaint seeking review of a final decision of Defendant the Commissioner of Social Security[1]. (Doc. No. 20). For the reasons stated below, I adopt the Magistrate Judge's recommendations as set forth in the Report and Recommendation and affirm the decision of the Commissioner.

Given the absence of objections to the background and administrative record of the case, I adopt that portion of Magistrate Judge Knepp's Report and Recommendation in full. (See Doc. No. 19 at 1-7).

**STANDARD**

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010).

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security.

The district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (*quoting Heston v. Comm'r Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). Where the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## OBJECTIONS

Pompos argues Magistrate Judge Knepp erred in failing to recommend reversal and remand of the Administrative Law Judge's ("ALJ") findings and submits three objections to the Report and Recommendation. Pompos objects to Magistrate Judge Knepp's conclusions that (1) the ALJ considered Pompos' history of migraine headaches in determining disability; (2) the ALJ afforded appropriate weight to the treating physicians' opinions; and (3) the ALJ's mistake as to Pompos' education level did not impact the disability determination.

The Commissioner filed a response to Pompos' objections. (Doc. No. 23). The Commissioner asserts that Magistrate Judge Knepp's analysis is well-reasoned and (1) it was Plaintiff's responsibility to prove migraine headaches were a limitation; (2) Plaintiff failed to prove the ALJ's error regarding Plaintiff's education level caused harm; and (3) Plaintiff's objection to the weight afforded to the treating physicians' opinions is vague and conclusory. *Id.*

1. Evidence of Migraine Headaches

Pompos argues he was deprived a full and fair hearing because there was "no inquiry into [his] migraine headaches, their frequency or severity, or how they impacted [his] ability to work." *Id.* (Doc. No. 20 at 2). Magistrate Judge Knepp correctly pointed out that the ALJ considered

2

Plaintiff's migraine headaches when "she addressed Dr. Borrillo's opinion" and the record is void of evidence that Plaintiff was treated for migraine headaches during the relevant period. (Doc. No. 19 at 14). I agree with Magistrate Judge Knepp and add one point.

It is not the ALJ's duty to inquire further into claims that lack supporting medical evidence absent a "special circumstance." While it is true that "the ultimate responsibility for ensuring that every claimant receives a full and fair hearing lies with the administrative law judge," *Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983), "the claimant bears the ultimate burden to prove by sufficient evidence that [he] is entitled to disability benefits." *Nabours v. Comm'r of Soc. Sec.*, 50 F. App'x 272, 275 (6th Cir. 2002) (citing 20 C.F.R. § 404.1512(a)). "[O]nly under special circumstances, i.e., when a claimant is without counsel, is not capable of presenting an effective case, and is unfamiliar with hearing procedures, does the ALJ have a special heightened duty to develop the record." *Nabours*, 50 F. App'x at 275.

Further, the Sixth Circuit has recognized that some claims may be dismissed as lacking medical merit. *McKitrick v. Comm'r of Soc. Sec.*, 2011 WL 6939330, *11-12 (N.D. Ohio Dec. 30, 2011) (citing *Farris v. Sec'y of Health and Human Servs*, 773 F.2d 85, 90 (6th Cir. 1985). In *McKitrick*, plaintiff claimed migraine headaches were a severe impairment. But the record only referenced plaintiff's history of migraines and a one-time treatment during the relevant time period. The court upheld the ALJ's decision to dismiss the claim as "groundless" because the record lacked sufficient medical evidence. *Id.*

Aside from Dr. Borrillo's opinion referencing a history of migraine headaches,[2] there is no other evidence supporting Pompos' testimony that migraine headaches limit his ability to work.[3] Further, this is not a "special circumstance" where Plaintiff was not represented by counsel. I

---

[2] Dr. Borrillo's medical opinion states, "PAST MEDICAL/SURGICAL HISTORY: Lower back disc problems and hip DJD as noted, *migraine headaches since the 5th grade*, thoracic spine discomfort…" (Doc. No. 13 Tr. at 278) (emphasis added).

[3] Pompos testified that migraine headaches are one reason he is unable to work. (Doc. No. 13 Tr. at 47).

3

therefore adopt Magistrate Judge Knepp's holding and add that it was not within the ALJ's duty to develop the record further regarding Plaintiff's migraine headaches.

2. <u>Harm Caused by Education Finding</u>

Pompos also objects to Magistrate Judge Knepp's conclusion that the ALJ's error regarding Plaintiff's education level was "harmless." (Doc. No. 20 at 3). Specifically, Pompos argues a "proper assessment of education [was] necessary to properly apply the [Medical-Vocational] grids." (Doc. No. 20 at 3). Magistrate Judge Knepp held the finding was harmless because it had "no impact on [the ALJ's] non-disability finding." (Doc. No. 19 at 9). I agree with the Magistrate's holding.

After it is determined an individual cannot perform past relevant work, the ALJ will make his or her disability finding by applying the Medical-Vocational Guidelines[4] in conjunction with the individual's residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1569. A "high school education finding" implies the individual is able to perform semi-skilled to skilled work. 20 C.F.R. § 404.1564(b)(4). A "limited education level" (through 11th grade) implies that the individual's abilities are limited to unskilled work. 20 C.F.R. § 404.1564(b)(3). The ALJ stated her report that Pompos had "at least a high school education," Doc. No. 13 Tr. at 26, even though the record states Pompos only achieved the 10th grade and did not receive a GED. (Doc. No. 13 Tr. at 39). Despite this error, the ALJ adopted the Vocational Expert's testimony that Pompos should be limited to "*unskilled* occupations" – the limitation recommended for an individual of Pompos' education level. (Doc. No. 13 Tr. at 13) (emphasis added).

I therefore agree with Magistrate Judge Knepp that the ALJ's error regarding Pompos' education level was harmless because it had no impact on the disability finding. *See NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n. 9 (1969) (noting that courts are not required to "convert judicial review… into a ping-pong game" where "remand would be an idle and useless formality").

---

[4] *See* 20 C.F.R. Pt. 404 Supt. P, Appx. 2, 12.05, eff. 10/29/08.

4

3.  <u>Weight Accorded to the Treating Physicians' Opinions</u>

Pompos makes a conclusory objection to the Magistrate's holding that the ALJ did not err by affording lesser weight to the opinions of treating physicians Siebenaler and Borrillo.[5]  (Doc. No. 20 at 3).   I agree with Defendant Commissioner of Social Security that Plaintiff's objection does not meet the specificity required to preserve the issue for appeal.

"[I]n order to preserve the right to appeal, a party must file objections to a magistrate judge's report and recommendation with the district court."  *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986).  But "'only those specific objections… will be preserved for appellate review.'"  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).  "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."  *Cole v. Yukins*, 7 Fed. App'x 354, 356 (6th Cir. 2001).

Without more, Plaintiff's objection is insufficient to preserve for appellate review; therefore, I will not address the merits of the underlying claim.

## CONCLUSION

For the reasons stated above, I adopt the conclusions of Magistrate Judge Knepp as set forth in the Report and Recommendation.  (Doc. No. 19).  Plaintiff's objections are denied and the Commissioner's decision is affirmed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

---

[5] Plaintiff stated, "[t]he claimant also objects to the recommendation that the ALJ's discounting of the treating physician's opinions be upheld."